**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTWANETTE T. WYCHE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **THE CITY OF PHILADELPHIA, et al.,** | : | **NO. 15-3900** |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**STENGEL, J.**                                                    **March 10, 2016**

*Pro se* plaintiff, Antwanette Wyche, brings this action against the City of Philadelphia and Police Officer Moore for a violation of 42 U.S.C. § 1983. The City of Philadelphia filed a motion to dismiss raising a statute of limitations defense as well as challenging the sufficiency of the plaintiff's <u>Monell</u> claim. [1]  I find that the plaintiff's complaint against the City of Philadelphia, although filed within the statute of limitations, fails to adequately plead a claim for relief under § 1983. For the reasons discussed below, I am granting the City of Philadelphia's motion to dismiss.

## I.     BACKGROUND

On July 12, 2013, the plaintiff was recording police officers making an arrest on the 2200 block of Woodstock Street in Philadelphia, Pennsylvania. (Compl. ¶ 4)

---

[1] Although Wyche's complaint does not specify the cause of action, I will construe Wyche's complaint to allege a <u>Monell</u> claim against the City of Philadelphia. <u>See</u> <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003)(holding that a court must construe a *pro se* plaintiff's pleadings liberally and must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name.").

According to the plaintiff, the defendant, Police Officer Moore, did not want the arrest being recorded by the plaintiff and so, Police Officer Moore assaulted and arrested the plaintiff, charging her with disorderly conduct.  (Id.)  After being released from the police precinct, the plaintiff went to Temple University Hospital to be treated for injuries that she received during her arrest including an ankle sprain, wrist pain, and back pain.  (Id.)  The plaintiff claims that she also suffered humiliation and embarrassment while being arrested in front of her children and neighbors.  (Id.)  Ultimately, the plaintiff's disorderly conduct charges were dismissed by Court Order on October 17, 2013.  (Id.)  The plaintiff now requests $25,000 in compensatory damages, $25,000 in punitive damages and an injunction removing the arrest charges from her record.  (Id. at ¶ 6(a)-(c))

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a "plausible claim for relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  A facially plausible claim may not be supported by conclusory allegations, but must allow

the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief." Id. at 677-78.  A *pro se* complaint must be liberally construed and held to a less stringent standard than formal pleadings.  Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A *pro se* action "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Jubilee v. Horn, 959 F. Supp. 276, 279 (E.D. Pa. 1997)(quoting Estelle, 97 S.Ct. at 292).

## III.    DISCUSSION

### A.    <u>Statute of Limitations</u>

Wyche seeks to hold the City of Philadelphia liable for the events occurring on July 12, 2013 pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978). The City of Philadelphia first responds by arguing that the plaintiff's action is time-barred.  Rule 12(b) of the Federal Rules of Civil Procedure "does not specifically provide for the assertion of a statute of limitations defense in a motion to dismiss," but the Third Circuit will permit it "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Byrne v. Cleveland

Clinic, 684 F.Supp.2d 641, 656 (E.D. Pa. 2010)(citing Zankel v. Temple Univ., 245

F.App'x. 196, 198 (3d Cir. 2007).

A state's applicable statute of limitations for personal injury actions applies to all

actions arising under § 1983. Harry v. City of Phila., Civ. A. No. 03-661, 2004 WL

1387319, *10 (E.D. Pa. June 18, 2004). In Pennsylvania, the statute of limitations for

personal injury actions is two years. 42 Pa.C.S.A. § 5524. "As such, for Section 1983

actions brought in the federal courts located within the Commonwealth of Pennsylvania,

the appropriate limitations period is two years." Laurensau v. Pluck, Civ. A. No. 12-623,

2013 WL 4779010, *3 (W.D. Pa. Sept. 5, 2013). In this case, Wyche's injury occurred

on July 12, 2013. Given Pennsylvania's two-year statute of limitations for § 1983

actions, Wyche had until July 12, 2015 to file a complaint.

The City of Philadelphia argues that Wyche's complaint was docketed on July 23,

2015, the date on which Wyche's *in forma pauperis* application was granted. Along this

line of reasoning, Wyche's complaint would certainly be barred by the statute of

limitations. However, in cases where the plaintiff is a *pro se* plaintiff and requests to

proceed *in forma pauperis*, "[the] complaint is not formally filed until the filing fee is

paid . . .[but is] constructively filed as of the date that the clerk received the complaint—

as long as the plaintiff ultimately pays the filing fee or the district court grants the

plaintiff's request to proceed *in forma pauperis*." McDowell v. Del. State Police, 88 F.3d

188, 191 (3d Cir. 1996); Salahuddin v. Milligan, 592 F.Supp. 660, 661 (S.D.N.Y.

1984)(where a plaintiff "acts *pro se* and sends his complaint to the court, and the

4

complaint is not filed until a later date due to consideration of plaintiff's application to proceed *in forma pauperis*, the action is deemed commenced for purposes of the statute of limitations upon receipt by the court of plaintiff's complaint, and not when it is filed."). As the preceding legal authority instructs, the date on which Wyche's complaint was deemed filed was not the date on which her *in forma pauperis* application was granted but the date on which the Clerk of Court received the complaint. Accordingly, Wyche's complaint was constructively filed on Monday, July 13, 2015, the date that the Clerk of Court received it. Although this appears to be one day past the expiration of Wyche's statute of limitation, Rule 6 of the Federal Rules of Civil Procedure directs otherwise. Rule 6 states in relevant part:

> The following rules apply in computing any time period
> specified in these rules, in any local rule or court order, or in
> any statute that does not specify a method of computing time.
> When the period is stated in days or a longer unit of time . . .
> include the last day of the period, but if the last day is a
> Saturday, Sunday, or legal holiday, the period continues to
> run until the end of the next day that is not a Saturday,
> Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1)(C). Wyche's statute of limitations expired on Sunday, July 12th and thus, in line with Rule 6, Wyche had until Monday, July 13th to file her complaint. Therefore, I decline to grant the defendant's motion to dismiss on the basis of their statute of limitations argument.

### B.    Sufficiency of Wyche's Monell Claim

Although I find that the plaintiff's complaint is not time-barred, it is still insufficient to survive the City of Philadelphia's motion to dismiss because it fails to set

forth adequate factual allegations to support a § 1983 claim.  Under § 1983, a plaintiff

may not hold a municipality liable on a respondeat superior theory.  Joseph v. Safehaven

CEC, Civ. A. No. 14-3940, 2016 WL 693293, *5 (E.D. Pa. Feb. 22, 2016)("[A] city,

municipality or private entity that is a state actor may not be held vicariously liable under

§ 1983 for the actions of its agents because there is no respondeat superior theory of

municipal liability")(citations omitted).  Rather, Monell establishes that municipal

liability arises under § 1983 where the municipality implements or enforces "a policy

statement, ordinance, regulation, or decision officially adopted and promulgated by" an

authorized decisionmaker of that municipality.  Monell, 436 U.S. at 690.  A plaintiff

asserting that a municipality violated their constitutional rights under Monell may

proceed along a "two-path track . . . depending on whether the allegation is based on

municipal policy or custom."  Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir.

1996).  A "policy is made when a decisionmaker possess[ing] final authority to establish

municipal policy with respect to the action issues an official proclamation, policy or

edict."  Cummings v. City of Chester, Arthur Grenier, Civ. A. No. 15-4504, 2016 WL

304790, *3 (E.D. Pa. Jan. 26, 2016)(citing Mulholland v. Cnty. of Berks, 706 F.3d 227,

237 (3d Cir. 2013)).  Whereas, a municipal custom "lacks the formal approval of a

municipal policy," but consists of "such practices of state officials. . . .[as are] so

permanent and well settled as to constitute a 'custom or usage' with the force of law."

Glass v. City of Phila., 455 F.Supp.2d 302, 341 (E.D. Pa. 2006)(citing Monell, 436 U.S.

at 691).  Under either track to municipal liability, by custom or policy, the plaintiff has

the burden of showing that "an official who has the power to make policy is responsible

6

for either the affirmative proclamation of a policy or acquiescence in a well-settlement

custom." <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 850 (3d Cir. 1990)(citations omitted).

Ultimately, a plaintiff seeking to plead a <u>Monell</u> claim must: "(1) identify a policy or

custom that deprived him of a federally protected right, (2) demonstrate that the

municipality, by its deliberate conduct, acted as the 'moving force' behind the alleged

deprivation, and (3) establish a direct causal link between the policy or custom and the

plaintiff's injury." <u>Blasi v. Borough of Pen Argyl</u>, Civ. A. No. 14-1354, 2015 WL

4486717, *5 (E.D. Pa. July 23, 2015)(citing <u>Bd. of the County Comm'rs v. Brown</u>, 520

U.S. 397, 404 (1997)).

     Wyche pleads her § 1983 action by stating that "[t]he Defendant City of

Philadelphia condones and countenances its police officers to assault innocent bystanders

who attempt to record their action in public and then cover it up by concocting phoney

arrest [sic]." (Comp. ¶ 2). Wyche makes no other allegations regarding the City of

Philadelphia. As a matter of law, I find that Wyche has failed to state a claim against the

City of Philadelphia. Wyche fails to support her <u>Monell</u> claim with sufficient factual

allegations identifying the relevant policy or custom, or explaining how that policy or

custom caused her constitutional injury. <u>See</u> <u>Buoniconti v. City of Phila.</u>, Civ. A. No. 15-

3787, 2015 WL 8007438, *7 (E.D. Pa. Dec. 7, 2015)("[V]ague assertions of policy or

custom are not sufficient to impose liability."); <u>Blasi</u>, 2015 WL 4486717 at *6

(dismissing complaint because it "lacks any specific factual allegations referencing the

conduct, time, place, and persons responsible for any official municipal policy or custom

endorsing the police officers' conduct."). Her § 1983 claim rests upon a conclusory statement that a custom or policy permitting police officers to assault innocent bystanders exists without any further factual allegations demonstrating that the City of Philadelphia was the moving force behind her injury. Essentially, Wyche's complaint lacks sufficient factual support that "through its *deliberate* conduct" the City of Philadelphia "has *intentionally* deprived [her] of a federally protected right." Burke v. Twp. of Cheltenham, 742 F.Supp.2d 660, 673 (E.D. Pa. 2010)(citing Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404(1997))(emphasis added). Rather, Wyche's complaint establishes only a "single incident of unconstitutional activity" by an agent of the City of Philadelphia not a widespread policy or custom implemented or acquiesced in by the City of Philadelphia. Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995); Blasi, 2015 WL 4486717 at *5 ("[A] municipality cannot be held liable solely because of the malfeasance of one of its employees."); Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)(holding that a "single incident of unconstitutional activity not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."). Wyche's naked assertion that she suffered harm at the hands of the City of Philadelphia is insufficient to meet the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure and therefore, I am granting the City of Philadelphia's motion to dismiss.

## IV.     CONCLUSION

As a matter of law, I find that Wyche's complaint fails to adequately allege a Monell claim against the City of Philadelphia.  However, Rule 15 of the Federal Rules of Civil Procedure mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Accordingly, I will grant the defendant's motion to dismiss without prejudice and provide the plaintiff with thirty days to amend her complaint.

An appropriate Order follows.