IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTWANETTE T. WYCHE, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| THE CITY OF PHILADELPHIA, et al., | : NO. 15-3900 |
| Defendants. | : |

## MEMORANDUM

**STENGEL, J.**                                                                                 **October 31, 2016**

*Pro se* plaintiff, Antwanette Wyche, brings this action against the City of Philadelphia and Police Officer Moore for a violation of 42 U.S.C. § 1983. On August 20, 2015, the City of Philadelphia filed a motion to dismiss raising a statute of limitations defense as well as challenging the sufficiency of the plaintiff's Monell claim.[1] On March 10, 2016, I granted the City's motion to dismiss without prejudice, finding that, although the claim was not time-barred, it nonetheless failed to plead sufficient facts to state a claim for relief. Following dismissal, Wyche filed an amended complaint on May 9, 2016. Presently before me is the City's motion to dismiss Wyche's amended complaint.[2] I find that the plaintiff's amended complaint against the City of Philadelphia

---

[1] Although Wyche's complaint does not specify the cause of action, I will construe Wyche's complaint to allege a Monell claim against the City of Philadelphia. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (holding that a court must construe a *pro se* plaintiff's pleadings liberally and must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name.").

[2] I ordered Ms. Wyche to file a response in opposition to the motion to dismiss no later than October 12, 2016. Ms. Wyche has not filed any response as of this date.

1

fails to adequately state a claim for relief under § 1983.  For the reasons discussed below, I am granting the City of Philadelphia's motion to dismiss.

I.     BACKGROUND

On July 12, 2013, the plaintiff was recording police officers making an arrest on the 2200 block of Woodstock Street in Philadelphia, Pennsylvania.  (Compl. ¶ 4). According to the plaintiff, the arresting officer, Officer Moore, did not want the arrest being recorded by the plaintiff so he assaulted and arrested the plaintiff and charged her with disorderly conduct.  (Id.)  After being released from the police precinct, the plaintiff went to Temple University Hospital where she was treated for injuries that she received during her arrest, including an ankle sprain, wrist pain, and back pain.  (Id.)  The plaintiff claims that she also suffered humiliation and embarrassment while being arrested in front of her children and neighbors.  (Id.)  Ultimately, the plaintiff's disorderly conduct charges were dismissed by court order on October 17, 2013.  (Id.)  The plaintiff now requests $25,000 in compensatory damages, $25,000 in punitive damages, and an injunction removing the arrest charges from her record.  (Id. at ¶ 6(a)-(c)).

Plaintiff's amended complaint avers that the above conduct by Officer Moore "is the direct result of the City of Philadelphia's [sic] via its Police Commissioner." (Am. Compl. ¶ 1).[3]  The amended complaint lists several newspaper articles, dating from 1996 to 2013, on the topic of the Philadelphia Police Department.  (Id.). According to the

---

[3] On March 3, 2016, I ordered the plaintiff to properly serve Officer Moore after plaintiff's initial summons as to Moore was returned unexecuted. (Doc. No. 11). Plaintiff has not yet done so. The City maintains that an Officer Moore, badge number 4728, is not employed by the Philadelphia Police Department. (Doc. No. 21 at p. 4).

amended complaint, these articles establish that Philadelphia has a habit and practice of covering up its officers' phony arrests and abuse. (Id.).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief." Id. at 677–78. A *pro se* complaint must be liberally construed and held to a less stringent standard than formal pleadings. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A *pro se* action "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Jubilee v. Horn, 959 F. Supp. 276, 279 (E.D. Pa. 1997) (quoting Estelle, 97 S.Ct. at 292).

## III.   DISCUSSION

The City moves to dismiss on two grounds. First, it argues plaintiff's amended complaint pleads no facts regarding a municipal policy or custom. (Doc. No. 21 at p. 6). Second, it maintains that plaintiff's claim fails because none of the facts alleged relate to conduct by a municipal policymaker. (Id. at 8).

### A.   **Municipal Policy or Custom**

In Monell v. Department of Social Services, the U.S. Supreme Court announced that municipal liability arises under § 1983 where the municipality implements or enforces "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by" an authorized decisionmaker of that municipality.  436 U.S. 658, 690 (1978).  A plaintiff asserting that a municipality violated their constitutional rights under Monell may proceed along a "two-path track . . . depending on whether the allegation is based on municipal policy or custom."  Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996).  A "policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict."  Cummings v. City of Chester, Arthur Grenier, Civ. A. No. 15-4504, 2016 WL 304790, *3 (E.D. Pa. Jan. 26, 2016) (citing Mulholland v. Cnty. of Berks, 706 F.3d 227, 237 (3d Cir. 2013)).  A municipal custom, on the other hand, "lacks the formal approval of a municipal policy," but consists of "such practices of state officials. . . .[as are] so permanent and well settled as to constitute a 'custom or usage' with the force of law."  Glass v. City of Phila., 455 F. Supp. 2d 302, 341 (E.D. Pa. 2006) (citing Monell, 436 U.S. at 691).  Under either track to municipal liability, by custom or policy, the

4

plaintiff has the burden of showing that "an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settlement custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (citations omitted). Ultimately, a plaintiff seeking to plead a Monell claim must: "(1) identify a policy or custom that deprived him of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the 'moving force' behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury." Blasi v. Borough of Pen Argyl, Civ. A. No. 14-1354, 2015 WL 4486717, at *5 (E.D. Pa. July 23, 2015) (citing Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 404 (1997)).

Plaintiff's amended complaint fails to set forth sufficient factual allegations of any such policy or custom promulgated by the City. Although plaintiff cites to a series of newspaper articles regarding the Philadelphia Police Department, none of the alleged facts about these articles demonstrate a policy or custom attributable to the City. The complaint's description of the most recent article (from 2013) merely references an unknown "Jeffrey Walker." (Am. Compl. ¶ 1). The other articles are described as follows: (1) "December 24, 2010 (City reveals 47 Arbitration Decisions against cops)"; (2) "Friday November 10, 2010 (Suits against police costing tax payers)"; and (3) "'The Tribune Democrat Monday May 14, 1996 (City and its Commissioner permitted perjury by police officers and looked the other way for many years; City of Philadelphia Police Scandel [sic] 39th. District)." (Id.).

Even liberally construed, the amended complaint fails to draw any nexus between the past occurrences referred to in the newspaper articles and the alleged conduct by Officer Moore. Even if arbitration decisions were rendered against Philadelphia police officers in 2010, and lawsuits against police officers deplete tax revenue, this does not demonstrate that the City had a policy which was the "moving force" behind the alleged conduct in this case. See Thomas v. Cumberland Cty., 749 F.3d 217, 222 (3d Cir. 2014) ("Liability is imposed when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its employees."). In the same vein, a completely different Philadelphia Police Commissioner's perjury and scandal in 1996 is wholly unrelated to the current Commissioner's policies and customs today in 2016. Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984) (stressing that "[a] plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between execution of the policy and the injury suffered."). Altogether, plaintiff's amended complaint does not identify a relevant policy or custom attributable to the City.

### B. Conduct by a Municipal Policymaker

The City argues that plaintiff's amended complaint must be dismissed also because it "does not plead facts as to the conduct of any policymaker involved in the formation of a custom or policy." (Doc. No. 21 at p. 8). For a complaint to survive a motion to dismiss in this context, it must identify "conduct by a municipal decisonmaker." McTernan v. City of York, 564 F.3d 636, 658–59 (3d Cir. 2009). Allegations that do not connect a municipal policymaker or decisionmaker "to the custom

6

at issue" do not meet the pleading standards set forth in Federal Rule of Civil Procedure 8(a)(2). Davis v. City of Phila., Civ. Action No. 05–4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (citing Twombly, 550 U.S. at 555). The sole allegation in plaintiff's amended complaint, regarding any policymaker, states that the City's practice of covering up phony arrests is "via its Police Commissioner." (Am. Compl. ¶ 1). Aside from this, plaintiff does not plead any additional facts with respect to the conduct, time, place, or content of any decisionmaker or policymaker. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Without more, plaintiff's well-plead allegations do not sufficiently identify any decisionmaker or policymaker who implemented an allegedly unconstitutional custom or policy.

      Plaintiff's amended complaint also fails to allege any knowledge or acquiescence on the part of the City's Police Commissioner. In pleading municipal liability, a complaint falls short when it does not allege "proof of knowledge and acquiescence by the decisionmaker." McTernan, 564 F.3d at 658. Plaintiff's amended complaint does not allege that the Police Commissioner knew of, or acquiesced in, a custom or policy promulgated by the City. For this reason, and the others discussed above, plaintiff's amended complaint fails to state a claim upon which relief can be granted.

## IV.    CONCLUSION

      As a matter of law, I find that plaintiff's amended complaint fails to adequately allege a Monell claim against the City of Philadelphia. However, Rule 15 of the Federal Rules of Civil Procedure mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, I will grant the defendant's motion to

dismiss plaintiff's amended complaint without prejudice and provide the plaintiff with thirty days to amend her complaint.

    An appropriate Order follows.