IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTWANETTE T. WYCHE, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| THE CITY OF PHILADELPHIA, et al., | : NO. 15-3900 |
| Defendants. | : |

# **M E M O R A N D U M**

**STENGEL, J.**                                                                           **April 10, 2017**

    *Pro se* plaintiff, Antwanette Wyche, brings this action against the City of Philadelphia and a "Police Officer Moore," under 42 U.S.C. § 1983, based on an incident that occurred when she was filming Philadelphia police officers making an arrest.

    I previously granted the defendants' motion to dismiss plaintiff's original complaint on March 10, 2016 because the plaintiff failed to sufficiently plead municipal liability. (Doc. No. 12). I allowed the plaintiff leave to amend her complaint, which she did. Thereafter, the City filed a motion to dismiss the plaintiff's amended complaint. I granted that motion to dismiss because, again, the plaintiff failed to state a claim against the City. (Doc. No. 24). I again allowed plaintiff leave to amend her complaint, which she did. The City filed a motion to dismiss plaintiff's second amended complaint on December 14, 2016. The plaintiff has not filed a response. I will grant the motion to dismiss.

## I. FACTUAL BACKGROUND

On July 12, 2013, the plaintiff was recording police officers making an arrest on the 2200 block of Woodstock Street in Philadelphia, Pennsylvania. (Compl., Doc. No. 3 ¶ 4). According to the plaintiff, the arresting officer, Officer Moore, did not want the arrest being recorded by the plaintiff so he assaulted and arrested the plaintiff and charged her with disorderly conduct. (Id.) After being released from the police precinct, the plaintiff went to Temple University Hospital where she was treated for injuries that she received during her arrest, including an ankle sprain, wrist pain, and back pain. (Id.) The plaintiff claims that she also suffered humiliation and embarrassment while being arrested in front of her children and neighbors. (Id.) Ultimately, the plaintiff's disorderly conduct charges were dismissed by court order on October 17, 2013. (Id.) The plaintiff now requests $25,000 in compensatory damages, $25,000 in punitive damages, and an injunction removing the arrest charges from her record. (Id. at ¶ 6(a)-(c)).

## II. PROCEDURAL BACKGROUND

The plaintiff has sued the City of Philadelphia and an unidentified "Police Officer Moore, Badge No. 4728."

Plaintiff first attempted to serve "Officer Moore" nearly two years ago on July 23, 2015. That summons was returned unexecuted. (Doc. No. 7). The summons indicated that there was no Officer Moore "employed as per city roster." (Id.). On March 3, 2016, I ordered the plaintiff to properly serve "Police Officer Moore" by March 23, 2016. (Doc. No. 11). After March 23, 2016 had passed, plaintiff filed a motion for an extension of time to serve Police Officer Moore. (Doc. No. 14). I granted that motion and allowed

2

plaintiff thirty more days with which to serve "Police Officer Moore." (Doc. No. 15). On May 9, 2016, plaintiff filed an affidavit of service indicating she served a complaint on a person at the Philadelphia Police Department, but no summons has ever been returned executed as to Police Officer Moore. To date, no defendant other than the City of Philadelphia has been properly served.[1]

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief." Id. at 677–78. A *pro se* complaint must be liberally construed and held to a less stringent standard

---

[1] Federal Rule of Civil Procedure 4(m) requires that a defendant be served with the summons and complaint within 90 days after the complaint is filed.

than formal pleadings. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A *pro se* action "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Jubilee v. Horn, 959 F. Supp. 276, 279 (E.D. Pa. 1997) (quoting Estelle, 97 S.Ct. at 292).

## IV. DISCUSSION

The City moves to dismiss on two grounds. First, it argues plaintiff's second amended complaint pleads no facts regarding a municipal policy or custom. Second, it maintains that plaintiff's claim fails because none of the facts alleged relate to conduct by a municipal policymaker.

### A. Municipal Policy or Custom

In Monell v. Department of Social Services, the U.S. Supreme Court announced that municipal liability arises under 42 U.S.C. § 1983 where the municipality implements or enforces "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by" an authorized decisionmaker of that municipality. 436 U.S. 658, 690 (1978). A plaintiff asserting that a municipality violated their constitutional rights under Monell may proceed along a "two-path track . . . depending on whether the allegation is based on municipal policy or custom." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). A "policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict." Cummings v. City of Chester, Arthur Grenier, Civ. A. No. 15-4504, 2016 WL 304790, *3 (E.D. Pa. Jan. 26, 2016) (citing Mulholland v. County of Berks,

4

706 F.3d 227, 237 (3d Cir. 2013)). A municipal custom, on the other hand, "lacks the formal approval of a municipal policy," but consists of "such practices of state officials. . . .[as are] so permanent and well settled as to constitute a 'custom or usage' with the force of law." Glass v. City of Phila., 455 F. Supp. 2d 302, 341 (E.D. Pa. 2006) (citing Monell, 436 U.S. at 691).

Under either track to municipal liability, by custom or policy, the plaintiff has the burden of showing that "an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (citations omitted). Ultimately, a plaintiff seeking to plead a Monell claim must: "(1) identify a policy or custom that deprived him of a federally protected right; (2) demonstrate that the municipality, by its deliberate conduct, acted as the 'moving force' behind the alleged deprivation; and (3) establish a direct causal link between the policy or custom and the plaintiff's injury." Blasi v. Borough of Pen Argyl, Civ. A. No. 14-1354, 2015 WL 4486717, at *5 (E.D. Pa. July 23, 2015) (citing Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 404 (1997)).

Plaintiff's second amended complaint fails to cure the deficiencies present in her original and amended complaints. See Wyche v. City of Phila., Civ. A. No. 15–3900, 2016 WL 6442004 (E.D. Pa. Oct. 31, 2016) (dismissing plaintiff's amended complaint). The second amended complaint does not add any factual allegations regarding a custom or policy. (Doc. No. 26). Instead, the second amended complaint personally accuses me of: (i) "replacing the jury's exclusive province of fact finding"; (ii) improperly weighing the credibility of witnesses; (iii) testifying on behalf of the City of Philadelphia; (iv)

5

"subversion" "against pro se litigation"; (v) personally testifying; and (vi) participating in a Ponzi scheme with the U.S. Court of Appeals for the Third Circuit to deprive African Americans of their right to jury trials. (Id. at 2–3 n.1). None of the above allegations are even remotely relevant to a custom or policy of the City of Philadelphia. Nor are they a true description of my reasoning in Wyche v. City of Philadelphia, Civ. A. No. 15–3900, 2016 WL 6442004 (E.D. Pa. Oct. 31, 2016) (Stengel, J.). The City is correct that plaintiff's second amended complaint is bereft of any facts regarding a policy or custom.

### B. Conduct by a Municipal Policymaker

The City argues that plaintiff's second amended complaint must be dismissed also because it does not plead facts as to the conduct of any policymaker involved in the formation of a custom or policy.

For a complaint to survive a motion to dismiss in this context, it must identify "conduct by a municipal decisonmaker." McTernan v. City of York, 564 F.3d 636, 658–59 (3d Cir. 2009). Allegations that do not connect a municipal policymaker or decisionmaker "to the custom at issue" do not meet the pleading standards set forth in Federal Rule of Civil Procedure 8(a)(2). Davis v. City of Phila., Civ. Action No. 05–4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (citing Twombly, 550 U.S. at 555). Plaintiff's allegations in the second amended complaint do not sufficiently identify any decisionmaker or policymaker who implemented an allegedly unconstitutional custom or policy. Plaintiff's second amended complaint also fails to plead facts regarding

6

conduct by a City policymaker or decisionmaker. Instead, plaintiff's second amended complaint is made up exclusively of attacks on this Court and the Third Circuit.[2]

For all the above reasons, I will grant the motion to dismiss plaintiff's claims against the City of Philadelphia.

**C.** **Service of Process**

I will dismiss "Officer Moore" from this action because it has been nearly two years since this action was filed and no "Officer Moore" has been served. Dismissal is proper since plaintiff has been given notice and multiple opportunities to effect service.

"Federal Rule of Civil Procedure 4(m) directs district courts to dismiss an action upon a plaintiff's failure to effect timely service." Liu v. Oriental Buffet, 124 F. App'x 544, 546 (3d Cir. 2005). Rule 4(m) specifically states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Plaintiff filed her complaint on July 23, 2015. (Doc. No. 3). Since that date, the Court has notified plaintiff multiple times of her failure to effect service and the attendant

---

[2] Plaintiff attaches a number of documents to her second amended complaint: (1) Philadelphia Daily News articles on criminal charges brought against a former Philadelphia Police Officer, Jeffrey Walker, in 2013; (2) an illegible newspaper article titled "Ex-D.A. says she kept some police off the stand"; (3) a 2011 Philadelphia Daily News article on a Philadelphia Police Officer named Anthony Magsam; (4) an article generally discussing lawsuits against the City of Philadelphia; (5) the cover of the Philadelphia Daily News; (6) this Court's October 31, 2016 Memorandum and Order granting the City's motion to dismiss the plaintiff's amended complaint; and (7) a transcript from a status hearing in a random criminal case in the Court of Common Pleas of Philadelphia County. None of these documents appear to have any connection to this case. Nor do any of the documents mention an "Officer Moore." At best, these documents merely establish that the City of Philadelphia has been sued before and that some police officers have been charged with crimes. Such facts, even if true, do nothing to further plaintiff's claim.

consequences. On March 3, 2016, as required by Rule 4(m), the Court notified plaintiff that failure to serve "Officer Moore" could result in dismissal. (Doc. No. 11). In that same Order, the Court provided plaintiff with extra time to do so. (Id.). Plaintiff was unable to effect service within this allotted time. Nonetheless, thereafter, the Court granted plaintiff's motion for an extension of time with which to serve "Officer Moore." (Doc. No. 15). The Court again provided plaintiff with extra time with which to serve the proper officer. (Id.). Yet to this day, there has been no officer served with the complaint, which was filed nearly two years ago.

Given the length of time since the complaint was filed, and the opportunities the Court has provided to the plaintiff to effect service, the lack of service here warrants dismissal. The entire purpose of service of process, under the Federal Rules of Civil Procedure, is to ensure that those who have legal claims brought against them are provided actual notice of those claims. Hanna v. Plumer, 380 U.S. 460 (1965). We are years into litigating this case and that end has still not been accomplished here.

Accordingly, I will dismiss the claims brought against "Officer Moore."

### D. Leave to Amend

Because plaintiff is proceeding *pro se*, I will consider whether leave to amend is proper. I conclude it is not.

District judges must not dismiss a complaint without offering the plaintiff an opportunity to amend her complaint. Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Generally, allowing amendment is proper when "justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether "justice so requires," courts consider a

number of factors including undue delay, bad faith, prejudice to the opposing party, and futility. Foman v. Davis, 371 U.S. 178, 182 (1962). A proposed amendment is futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

I have allowed plaintiff multiple opportunities to amend her complaint. I have considered plaintiff's original complaint, amended complaint, and second amended complaint. While I am certainly cognizant of plaintiff's *pro se* status, allowing plaintiff a fourth bite at the apple would be futile in these circumstances. See Krantz v. Prudential Invest. Fund Mgmt., LLC, 305 F.3d 140, 144 (3d Cir. 2002) (denying leave to amend because plaintiff was provided notice of the deficiencies of plaintiff's claims through the district court's previous opinion); Hughes v. United Parcel Serv., Inc., Civ. A. No. 14–3822, 2015 WL 1021312, at *6 (E.D. Pa. Mar. 6, 2015) (denying leave to amend where the "[p]laintiffs . . . had a number of opportunities to advise the Court" to state a claim for relief but failed to do so). Accordingly, I will not allow leave to amend.

## V. CONCLUSION

For all the foregoing reasons, I will grant the motion to dismiss.

An appropriate Order follows.